IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alvis Damon Williams, ) | C/A No. 3:14-226-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Julius Ness Richardson; Marshall Prince, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Alvis Damon Williams ("Plaintiff"), a self-represented litigant, brings this civil action alleging constitutional violations by federal prosecutors. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is a federal detainee at the Lexington County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without the issuance and service of process.

I.      **Factual and Procedural Background**

On March 12, 2014, Plaintiff filed an Amended Complaint in this action, which is nearly identical to the original pleading. (ECF No. 7.) To preserve issues raised in this case and give liberal construction to the pleadings, the court appended Plaintiff's Complaint to the Amended Complaint for review. (ECF No. 7-1.) Plaintiff's pleadings allege that he entered a guilty plea to "two Class A violator" offenses at a revocation hearing on July 29, 2013, and was sentenced to "a year and one day with 9 months of supervise release." (ECF No. 7-1 at 3–4.) Plaintiff complains that, on August 27, 2013, federal authorities picked Plaintiff up "on a writ for the same charges."

*PJG*

(Id. at 3–4.) Plaintiff further alleges that he was found not to be a career criminal at a recent hearing, but discovered that he was sentenced under the Armed Career Criminal Act for a previous drug offense.[1] (Id. at 4.) Plaintiff indicates that his former drug conviction resulted in a forty-one month sentence for possession of seven grams of marijuana, which he alleges should carry a penalty of no more that eighteen months. (Id.) Plaintiff states that he served thirty-five months of imprisonment and fifteen months of supervised release for his former conviction and is "still doing another 10 months and 9 months supervise[d] release." (Id.) Plaintiff seeks relief from his pending charges and monetary damages for time spent incarcerated. (Id. at 7.)

**II.     Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute

---

[1] Plaintiff cites to United States v. Williams, 3:09-cr-548-JFA-1 (D.S.C. May 5, 2009), in reference to his previous drug conviction. (ECF No. 7 at 4.)



allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A. A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to

include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

Plaintiff is bringing suit against two federal prosecutors. As such, his constitutional claims are evaluated under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. See Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814–20 n.30 (1982). To state a claim under Bivens, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of federal law. West v. Atkins, 487 U.S. 42, 48 (1988).

#### 1.     Prosecutorial immunity

The Amended Complaint identifies Julius Ness Richardson ("Richardson") as the prosecuting attorney for Plaintiff's pending federal charges and Marshall Prince ("Prince") as the attorney responsible for prosecuting Plaintiff's previous drug offense. (ECF No. 7 at 1–2, 4.) However, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions"



hearings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). As Richardson and Prince are protected by prosecutorial immunity from Plaintiff's claims associated with his prosecutions in federal court, Plaintiff's claims must be summarily dismissed.

### 2.     Requested relief

Additionally, Plaintiff cannot obtain the relief he seeks through this action in any event. Plaintiff seeks monetary damages for time spent in custody for his prior federal drug conviction. (ECF No. 7-1 at 7.) The United States Supreme Court has held that a prisoner's claim for damages is not cognizable where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.[2] Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Messer v. Kelly, No. 97-7144, 1997 WL 712811, at *1 (4th Cir. Nov. 17, 1997) (holding that the rationale in Heck applies to Bivens actions). In the instant action, Plaintiff indicates that he was convicted in federal court of a drug offense and continues to serve a portion of that sentence. (ECF No. 7 at 4; see also ECF No. 7-1 at 4.) A favorable determination on the merits of Plaintiff's claims in this action would require a finding that his imprisonment is invalid, and Plaintiff provides no facts to demonstrate that he has successfully challenged these convictions. Therefore, Plaintiff's claim for damages associated with his prior drug conviction is premature and subject to summary dismissal.

Plaintiff also seeks relief from his pending federal charges. (ECF No. 7-1 at 7.) District courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer

---

[2] The rule in Heck does not apply in the pre-conviction context, where criminal charges are still pending. See Wallace v. Kato, 549 U.S. 384, 939 (2007).



or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Further, mandamus relief is only available when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989); In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001). In the instant case, Plaintiff fails to establish that he has a clear and undisputable right to relief from his pending charges and does not demonstrate the unavailability of other adequate means to pursue the relief he seeks. Thus, Plaintiff presents no extraordinary circumstances to warrant the drastic remedy of a writ of mandamus requiring the defendants to dismiss Plaintiff's pending charges.

### III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 25, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).